UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LELAND F.,

                Plaintiff,

  v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C20-5370-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner issued a partially favorable decision, granting Plaintiff's application for Supplemental Security Income (SSI) as of November 11, 2018, and denying Plaintiff's application for Disability Insurance Benefits (DIB), after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[1] He has a high school diploma and some college education, and previously worked operating heavy equipment and running a heavy equipment

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

business. (AR 52, 94-96.)

Plaintiff applied for SSI and DIB in May 2016, alleging disability as of August 27, 2010.[2] (AR 425-28, 436-43.) Those applications were denied and Plaintiff timely requested a hearing. (AR 289-313, 318-39.)

In May 2018 and September 2018, ALJ David Johnson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 44-117.) On December 19, 2018, the ALJ issued a partially favorable decision, finding Plaintiff disabled as of November 11, 2018. (AR 16-33.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on February 19, 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's shoulder abnormalities, osteoarthritis, degenerative disc disease, radiculopathy, obesity, depression, adjustment disorder, fibromyalgia, headaches, spondylosis, tendonitis, pain disorder, and spinal degeneration. (AR 19-20.) Step three asks whether a claimant's impairments

---

[2] At the administrative hearing, Plaintiff amended his alleged onset date to August 1, 2013. (AR 16.)

meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 20-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: he can frequently balance, stoop, kneel, crouch, and climb ramps and stairs. He can occasionally crawl, and climb ladders, ropes, and scaffolds. He can frequently reach overhead. He cannot be exposed to vibration or have concentrated exposure to hazards. He can work where the general public is typically not present, and must have no more than superficial interaction with co-workers. (AR 22-23.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 30-31.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found that before November 11, 2018, Plaintiff was capable of transitioning to other representative occupations, such as production assembler, bottle packer, marker, electrical accessories assembler, agricultural produce sorter, order caller, and bottling line attendant. (AR 32-33.) The ALJ found that beginning on November 11, 2018, no jobs existed in significant numbers that Plaintiff could have performed, and thus he became disabled on that date. (*Id.*)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) relying on evidence that post-dates Plaintiff's date last insured (DLI) and assessing certain medical opinions, (2) discounting lay statements, and (3) discounting Plaintiff's subjective testimony based on his activities of daily living. Dkt. 14 at 1-2. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical evidence

As noted above, this case involves concurrent applications for DIB and SSI, and the ALJ's decision denies Plaintiff's DIB claim and finds Plaintiff eligible for SSI as of November 11, 2018. (*See* AR 33.) The period adjudicated by the ALJ in this decision spans from the amended alleged onset date (August 1, 2013) to the date of the decision (December 19, 2018), and Plaintiff's DLI for purposes of the DIB application is December 31, 2015. (AR 19.)

Plaintiff argues that the ALJ erred in relying primarily on post-DLI evidence to deny his DIB claim. Dkt. 14 at 5-6. The ALJ also, however, referenced evidence throughout the decision that predates the DLI as well. (*See* AR 20-30.) The ALJ's decision addresses the DIB and SSI applications concurrently, and thus Plaintiff's accusation that the ALJ relied on post-DLI evidence in denying specifically the DIB claim is not well-founded. Furthermore, Plaintiff has not shown that the post-DLI evidence discussed by the ALJ has no relevance to whether he was disabled prior to his DLI, and thus even if he correctly characterized the ALJ's decision as relying primarily on post-DLI evidence, he has not shown that the ALJ erred in doing so. *See, e.g.*, *Smith v. Bowen*,

849 F.2d 1222, 1225 (9th Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis.").

Plaintiff goes on to argue that the ALJ erred in discounting medical evidence that does date to the pre-DLI period, namely some of the form opinions completed by Plaintiff's treating naturopath, Gary Kiefer, N.D. (AR 668-69, 841, 1445-1545, 1568-1613, 1852-1863.) The ALJ noted that Dr. Kiefer had provided many opinions describing Plaintiff's capabilities, which varied widely month to month. (AR 29.) The ALJ emphasized that the variations in Dr. Kiefer's opinions in 2014 were particularly notable: between April and August Dr. Kiefer *inter alia* placed no restrictions on Plaintiff's ability to sit, stand, or walk, but then beginning in September 2014 (without explanation in the opinions or in the treatment notes) Dr. Kiefer opined that Plaintiff should seldom sit, stand, or walk. (AR 29 (referencing AR 1577-86).) The ALJ discounted Dr. Kiefer's opinions based on this variability without support in the treatment notes or explanation, and also noted that Dr. Kiefer is not an acceptable medical source. (AR 29-30.)

Plaintiff contends that the ALJ discounted Dr. Kiefer's opinion based on a purported gap between April 2014 and August 2014 (Dkt. 14 at 11), but the ALJ did not find that there was any gap in Dr. Kiefer's form opinions. Instead, as discussed above, the ALJ found that Dr. Kiefer's form opinions from April 2014-August 2014 were inconsistent with his opinions beginning in September 2014, and that Dr. Kiefer did not explain why Plaintiff became more limited in September 2014 and his treatment notes do not provide a basis, either. (AR 29-30.) This reason would be sufficient to support discounting an opinion written by an acceptable medical source, and is certainly germane to Dr. Kiefer, and is therefore a legally valid reason to discount Dr.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

Kiefer's opinions. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from other sources may be expressly disregarded if the ALJ gives germane reasons for doing so).

Furthermore, the ALJ did not err in noting that Dr. Kiefer is not an acceptable medical source, or in pointing out that acceptable medical sources opined that Dr. Kiefer's opinions were not based on objective evidence. (AR 30 (citing AR 768, 1787).) This is another germane reason to discount Dr. Kiefer's opinions. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided multiple germane reasons to discount Dr. Kiefer's form opinions, the Court rejects Plaintiff's attempt to argue that the ALJ simply disregarded any evidence provided by non-acceptable medical sources. Dkt. 16 at 2 ("The essence of the decision of the ALJ is that any medical evidence that does not come from an acceptable medical source can be disregarded.").[3] Accordingly, the Court finds no error in the ALJ's assessment of Dr. Kiefer's form opinions and affirms this portion of the ALJ's decision.

Next, Plaintiff argues that the ALJ erred in crediting the State agency opinions because the

---

[3] In an attempt to rehabilitate Dr. Kiefer's opinions, Plaintiff also points to the opinion of reviewing physician Trula Thompson, M.D. Dkt. 14 at 11-12. But Dr. Thompson's opinion is based entirely on a review of Dr. Kiefer's opinions (AR 836-38), and thus does not constitute independent corroboration from an acceptable medical source of Dr. Kiefer's conclusions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

consultants did not have access to the entire record before the ALJ.  Dkt. 14 at 12.  But the ALJ explicitly considered the State agency opinions in the context of the entire record, and Plaintiff has not shown that the ALJ erred in finding the opinions to be consistent with the longitudinal record. (AR 28-29.)

Lastly, Plaintiff argues that the ALJ erred in giving weight to independent medical examinations (IMEs) performed in the context of his worker's compensation claim.  Dkt. 14 at 12-13.  Plaintiff emphasizes that a 2018 IME (AR 1808-13) was performed post-DLI (Dkt. 14 at 12), but does not acknowledge that this IME affirms the prior findings from July 7, 2015, which pre-dates the DLI.  Plaintiff challenges to some extent the ALJ's assigning "some weight" to the July 2015 IME (AR 756-57), arguing that the examiners did not review treatment notes dating to the adjudicated period and that their opinion as to Plaintiff's ability to work was actually the opposite of how the ALJ characterized it.  Dkt. 14 at 12-13.  Plaintiff's argument is not supported by the text of the IME report: the examiners found that Plaintiff had no work restrictions as a result of the work accident (AR 754-55), as the ALJ found (AR 29), and their opinion was based on their 2015 examination as well as a review of treatment notes and imaging pertaining to his work accident (AR 747-54).  Plaintiff has not shown that the ALJ erred in crediting the July 2015 IME or erroneously characterized the conclusions of the report.[4]

For all of these reasons, the Court finds that Plaintiff has failed to establish error in the ALJ's consideration of the medical evidence.[5]

---

[4] Plaintiff inexplicably cites pages of a 2014 IME as support for his arguments challenging the ALJ's assessment of the 2015 IME, which may explain why his arguments are not persuasive as to the 2015 IME.  Dkt. 14 at 12 (citing AR 728, 741).

[5] On reply, Plaintiff references evidence and opinions not discussed in the opening brief.  Dkt. 16 at 2-3. To the extent Plaintiff intends to allege error related to this evidence, the Court need not address any arguments

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

Daily activities

The ALJ discounted Plaintiff's subjective allegations in light of (1) evidence of Plaintiff's symptom magnification/exaggeration; (2) evidence of Plaintiff's drug-seeking behavior; (3) inconsistencies between Plaintiff's allegations and activities (hunting, fishing, power lifting); and (4) the objective evidence inconsistent with Plaintiff's allegations of physical and mental impairments. (AR 23-38.) Absent evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not challenge most of the ALJ's reasoning, focusing only on the ALJ's finding with respect to his activities. Dkt. 14 at 14-15. According to Plaintiff, the activities cited by the ALJ (1) do not prove that he can work full-time, (2) were attempted after his DLI, and (3) were not discussed at the administrative hearing and therefore "blind side[d]" Plaintiff. *Id.* These are not persuasive reasons to challenge the ALJ's reasoning. First, the ALJ did not cite Plaintiff's activities as evidence that he can work full-time; he cited them as inconsistent with the limitations he alleged, and this is a valid basis for relying on a claimant's activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Second, that the ALJ cited some activities that post-date the DLI does not establish error in the ALJ's decision, because, as explained *supra*, the ALJ's decision addresses a period that extends beyond the DLI and Plaintiff has not pointed to any evidence showing that his conditions improved after the DLI. Lastly, the Court is aware of no authority requiring an ALJ to provide an opportunity for a claimant

---

made for the first time in a reply brief. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

to explain every inconsistency at the hearing. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("There is no merit in [plaintiff's] contention that the ALJ should have given her a chance, while at the hearing, to explain the inconsistent statements and other factors that led him to find her not credible.").

Furthermore, even if Plaintiff had shown error in this line of the ALJ's reasoning, he has not challenged the ALJ's other reasons, which would independently support the ALJ's assessment of Plaintiff's subjective allegations. Thus, any error would be harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Accordingly, the Court affirms the ALJ's assessment of Plaintiff's allegations.

<u>Lay evidence</u>

The record contains statements written by three of Plaintiff's friends, plus two family members and Plaintiff's girlfriend. (AR 587, 590-91, 597, 602-03, 610, 615.) The ALJ discounted the friends' statements because the record did not explain how often Plaintiff interacted with these friends during the adjudicated period, and the limitations they described were inconsistent with Plaintiff's activities, namely his ability to hunt elk for nine days as recently as October 2018. (AR 30.) The ALJ discounted the statements from Plaintiff's family members and girlfriend as inconsistent with the medical evidence. (AR 30.)

An ALJ's reasons to discount a lay witness statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Plaintiff argues that inconsistency with the medical evidence is not a germane reason to discount a lay statement (Dkt. 14 at 13-14), but the Ninth Circuit has held otherwise. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). Plaintiff's family and girlfriend described physical limitations that were inconsistent with the

medical evidence (AR 590-91, 597, 602-03), which the ALJ had summarized earlier in the decision. (AR 26-27.)

Furthermore, as noted by the ALJ (AR 30), the physical limitations described by Plaintiff's friends (AR 587, 610, 615) were inconsistent with Plaintiff's ability to take a nine-day hunting trip as recently as October 2018. This is a germane reason to discount the friends' statements. *See Carmickle*, 533 F.3d at 1164. Although Plaintiff notes that his October 2018 hunting trip was after his DLI, it was nonetheless during the period he alleged he was disabled and he has not shown that his condition improved between his DLI and the hunting trip. Thus, the ALJ reasonably found the 2018 hunting trip to be relevant to his assessment of Plaintiff's functioning during the adjudicated period.

Because the ALJ provided germane reasons to discount the lay statements, the Court affirms this portion of the ALJ's decision.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 28th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge